**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:93-cr-00035-HDM |
| | 3:11-cv-00096-HDM-RAM |
| Plaintiff/Respondent, | |
| vs. | |
| | ORDER |
| MARK LEE MURRAY, | |
| Defendant/Petitioner. | |

On June 7, 2011, the court denied as untimely and without merit the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The denial was without prejudice as to defendant's fourth ground for relief. On July 8, 2011, defendant filed a motion for reconsideration (#63). The motion addresses only the court's denial of defendant's fourth ground for relief. The government has opposed defendant's motion (#64), and the defendant has replied (#68).

1

Motions pursuant to § 2255 must be filed within one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When defendant filed his § 2255 motion, his conviction had been final for more than fifteen years. As no other provision of § 2255(f) applied to render the motion timely on any ground, the court denied the petition as untimely.

In his petition and motion for reconsideration, defendant asserts that the statutes under which he was convicted, 18 U.S.C. § 2119 and 18 U.S.C. § 924(c), were enacted in excess of Congress' powers under the Commerce Clause. In its order denying defendant's petition, the court found this claim untimely because defendant had not pointed to any Supreme Court decision newly recognizing a relevant right retroactively applicable on collateral review. Subsequent to the court's order, the Supreme Court ruled that an individual indicted for violating a federal statute may have "standing to challenge its validity on grounds that, by enacting it, Congress exceeded its powers under the Constitution." *Bond v. United States*, 131 S. Ct. 2355, 2360 (June 16, 2011). Defendant

argues that in *Bond* the Supreme Court newly recognized the individual right to challenge criminal statutes under the Tenth Amendment and thus his fourth ground for relief is now timely.

The Supreme Court's decision in *Bond* does not provide any basis for granting defendant relief. Even assuming that *Bond* newly recognized the right of defendant to challenge the statutes of his conviction under the Tenth Amendment and made it retroactively applicable on collateral review, the Ninth Circuit has squarely held that both statutes were valid exercises of Congress' Commerce Clause power. *United States v. Cortes*, 299 F.3d 1030, 1032-35 (9th Cir. 2002) (holding that carjacking statute is valid exercise of Congress' power under the Commerce Clause even after the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000)); *United States v. Harris*, 108 F.3d 1107, 1109 (9th Cir. 1997) (holding that § 924(c)(1) is valid exercise of Congress' Commerce Clause power). As neither statute under which defendant was convicted exceeds Congress' powers under the Constitution, defendant's fourth ground for relief is without merit.[1]

For the first time in his reply, defendant raises an "as-applied" challenge to his conviction under both the Ninth and Tenth Amendments. Generally an argument raised for the first time in a reply is considered waived and the court need not consider it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district

---

[1] Because defendant's claim is without merit, the court does not reach the issue of procedural default. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002). However, the court does note that defendant raised his claim regarding the carjacking statute on direct appeal. *See United States v. Murray*, 70 F.3d 121, at *3 (9th Cir. 1995).

3

court need not consider arguments raised for the first time in a reply brief."). Even if the court were to consider these late-raised claims, however, defendant has completely failed to support them.

The Ninth Amendment to the United States Constitution states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." It thus "protects rights not enunciated in the first eight amendments." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). Defendant has not identified any unenumerated right violated by his convictions under 18 U.S.C. § 2119 and 18 U.S.C. § 924(c). To the extent he asserts the Ninth Amendment as a standalone claim and not simply as context for his Tenth Amendment claim, then, the claim is without merit.

An "as-applied" challenge contends the law is unconstitutional as applied to the defendant's particular circumstance, even though the law may be capable of valid application to others. *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). Defendant has made no argument or showing that 18 U.S.C. § 2119 and 18 U.S.C. § 924(c) violate the Ninth and Tenth Amendments as applied to him. Accordingly, his as-applied challenge is also without merit.

For the foregoing reasons, defendant's motion to reconsider (#63) is **DENIED**.

DATED: This 30th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE

4